# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY PODESTA and STREET SEARCH, LLC,<br>　　　Plaintiffs<br><br>　　　v.<br><br>JOHN F. HANZEL, ESQUIRE; JOHN F. HANZEL, P.A. ATTORNEYS AT LAW; JOHN P. SCAFIDI; HONEYWOOD ENERGY, LLC (formerly known as BLACKWOOD ENERGY, LLC); JAYSON COLAVALLA; TONY C. SCOTT; SAMUEL V. WATKINS (also known as WATKINS V. SAMUEL); TALC PROPERTIES FL, LLC; TALC PRIVATE VENTURES, LLC; and John Does 1-10,<br>　　　Defendants | No. 3:15cv375<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court for disposition are Defendants John F. Hanzel and John F. Hanzel, P.A. Attorneys at Law's (collectively "Defendant Hanzel") motions to dismiss plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The motions are fully briefed and ripe for disposition.

**Background**

On January 13, 2013, Plaintiff Jeffrey Podesta, owner of Plaintiff Street Search, LLC (collectively "plaintiff"), entered into a purchase

agreement with Defendants John Scafidi and Blackwood Energy. (Doc. 1, Compl. ¶ 10). The purchase agreement stated plaintiff would partially finance Blackwood Energy's purchase of Blackwood Mine in Pottsville, Pennsylvania. (Id.) The agreement also required plaintiff to wire $300,000.00 into an escrow account, where the funds would remain in escrow for forty-five (45) days. (Id. ¶¶ 11-12). If the closing did not occur within forty-five (45) days, plaintiff could demand return of the funds. (Id. ¶¶ 12-13). Defendant Hanzel, as Defendant Scafidi's counsel, acted as the closing attorney and escrow manager for the purchase of the mine. (Id. ¶ 11).

On February 19, 2013, pursuant to the purchasing agreement, plaintiff entered into an escrow agreement with Blackwood Energy and Defendant Hanzel. (Id. ¶ 14). On February 21, 2013, plaintiff wired $300,000.00 to the escrow account. (Id. ¶ 15). The sale of Blackwood Mine did not occur, however, and plaintiff demanded the return of the escrow funds on June 4, 2013. (Id. ¶ 16). Plaintiff asserts that no money has been returned, contending that Defendant Hanzel wrongfully released $275,000.00 of the funds to Defendants Scafidi, Blackwood Energy, and Coavalla, as well as $25,000.00 to himself. (Id. ¶ 17).

On February 20, 2015, Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania.  The complaint seeks damages in excess of $75,000.00.  (Id. ¶¶ 8, 42).  Plaintiff alleges state law causes of actions for fraud, breach of contract, promissory estoppel, unjust enrichment, and breach of fiduciary duty.  (Id. ¶¶ 22-24, 28-29, 37, 41).  Plaintiff asserts no federal law causes of action.

On March 11, 2015, Defendant Hanzel filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Doc. 8).  Plaintiff then filed an amended complaint.  (Doc. 12).  On April 13, 2015, Defendant Hanzel filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  (Doc. 14).  The parties briefed the issues, bringing the case to its present posture.

**Jurisdiction**

This court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  Plaintiff Podesta is a citizen of New Jersey, and owns Plaintiff Street Search, a limited liability company with a principal place of business in New Jersey.  (Doc. 1, Compl. ¶¶ 1-2).  Defendants Hanzel, Colavalla, Watkins, and Honeywood Energy, LLC, are citizens of North Carolina.  (Id. ¶¶ 4-7).  Defendants Scafidi, Scott, and TALC are

citizens of Florida. (Doc. 12, Am. Compl., ¶¶ 3, 6, 10-11). Additionally, the amount in controversy exceeds $75,000. (Doc. 1, Compl., ¶ 8). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has subject matter jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]") As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Two issues are present in this case. The issues are the forum selection clause provision of the escrow agreement and whether the court has personal jurisdiction over Defendant Hanzel. We find the first issue to be dispositive but we will discuss both.

### I. Forum selection clause

Defendant Hanzel raises the issue of a forum selection clause clause, present in Paragraph 4.2 of the escrow agreement. The forum selection clause states, "[t]he parties hereto agree that any action concerning any and all claims, disputes, or controversies arising out of or relating to this Escrow Agreement shall only be commenced in the State of North Carolina." (Doc. 12, Ex. B., Escrow Agreement ¶ 4.2). After a careful review, we find that through this clause plaintiff has waived the ability to bring this action in Pennsylvania.

In weighing the validity of forum selection clauses, Pennsylvania courts apply federal law, not state law. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Under federal law, as personal jurisdiction "represents . . . an individual right, it can, like other such rights, be waived" through the presence of a forum selection clause. Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). Forum selection clauses "are prima facie valid and should be enforced" barring any attempt of the party opposing the clause to show enforcement would be unreasonable. Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207,

5

1218-19 (3d Cir. 1991) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

As plaintiff has not shown that litigating his case in North Carolina would be "so gravely difficult and inconvenient that . . . he will for all practical purposes be deprived of his day in court," a defense of unreasonableness is not available. M/S Bremen, 407 U.S. at 15 (1972). Thus, we hold that the forum selection clause present in the escrow agreement is valid and binding on all parties, and sets the forum in North Carolina. If a valid forum selection clause exists, it is permissible to enforce it by dismissing the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001). Accordingly, we will dismiss this case as having been filed in the incorrect forum. Our dismissal will be without prejudice to the defendant filing suit in the proper forum.

**II. Personal jurisdiciton**

Defendant Hanzel also moves to dismiss on the basis that the court lacks personal jurisdiction over him. He brings this portion of his motion to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that this court lacks personal jurisdiction over him. In

6

determining whether personal jurisdiction is proper, a federal district court sitting in diversity applies the law of the forum state–here, Pennsylvania. FED. R. CIV. P. 4(e); North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990). The Pennsylvania Long Arm Statute permits a court to exercise jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 5322(b); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1996). The Pennsylvania Long Arm Statute is coextensive with the Due Process clause of the Fourteenth Amendment of the United States Constitution. Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1221 (3d cir. 1992) (citations omitted).

When deciding a motion to dismiss for lack of personal jurisdiction, we accept the plaintiff's allegations as true. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); see also Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a defendant files a motion to dismiss pursuant to Rule 12(b)(2), however, the plaintiff bears

the burden of proving, either by sworn affidavits or other competent evidence, that the defendant has sufficient contacts with the forum state to establish personal jurisdiction. North Penn Gas, 897 F.2d at 689 (3d Cir. 1990); see also Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Were we to find that the case was properly brought here, we would nonetheless dismiss Defendant Hanzel because we do not have personal jurisdiction over him. Plaintiff alleges that this court has specific personal jurisdiction over Defendant Hanzel because defendant has minimum contacts with Pennsylvania as escrow manager of the Blackwood Mine account.[1] Under Pennsylvania law, courts may exercise specific personal jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution and may be based on the most minimum contact with the Commonwealth allowed under the Constitution." 42 PA. CONS. STAT. ANN. § 5322(b) (hereinafter "Section 5322(b)").

---

[1] In asserting that this court has specific personal jurisdiction over Defendant Hanzel, plaintiff cites to 42 PA. CONS. STAT. ANN. § 5302, which grants the court jurisdiction over land situated within the Commonwealth. While the events in the instant case may concern the property of Blackwood Mine, plaintiff's claims allege a breach of contract; therefore, a specific personal jurisdiction analysis under 42 PA. CONS. STAT. ANN. § 5322(b) is proper.

8

In addition, "a plaintiff must show that the defendant has minimum contacts with the state 'such that the defendant should reasonably anticipate being haled into court there.'" North Penn Gas, 897 F.2d at 690 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  To determine specific jurisdiction on the basis of minimum contacts in this case, we must find that defendants purposefully availed themselves of the privileges and protections of Pennsylvania law by doing business in the Commonwealth.  See Pennzoil Prods. Co. v. Colelli & Assocs. Inc., 149 F.3d 197, 203 (3d Cir. 1998) (discussing application of the minimum contacts doctrine).

In the instant matter, Defendant Hanzel has not purposefully availed himself of the privileges and protections of Pennsylvania law (i.e. possesses no minimum contacts with Pennsylvania) for three reasons.  First, Defendant Hanzel is a citizen of North Carolina, and is not authorized to practice law in the Commonwealth of Pennsylvania.  (Doc. 8-1, Ex. A., Aff. of John F. Hanzel, ¶ 3).  In fact, Hanzel's practice is organized under the laws of the State of North Carolina.  (Id. ¶ 2).  Second, Defendant Hanzel does not maintain offices or any physical property in Pennsylvania, nor does he employ Pennsylvania residents.  (Id.)  Apart from matters

arising from this dispute, Hanzel does not conduct business relating to Pennsylvania. (Id. ¶ 5). Third, Defendant Hanzel has never visited the property in dispute, nor has he provided any legal counsel to Pennsylvania citizens regarding the property. (Id. ¶ 6).

In short, Defendant Hanzel merely served as the escrow account manager in this dispute, and any contacts with Pennsylvania in that role are the very definition of "random, isolated or fortuitous," which is insufficient to establish the minimum contacts for specific personal jurisdiction. See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); Pennzoil Prods., 149 F.3d at 203. As Defendant Hanzel has not purposefully availed himself of the privileges and protections of Pennsylvania law, this court cannot assert specific personal jurisdiction on the basis of minimum contacts.

**Conclusion**

Because we hold that the forum selection clause present in Paragraph 4.2 of the escrow agreement is valid and binding on all parties, we find that plaintiff has waived his right to bring suit in this jurisdiction. Therefore, the court will grant Defendant Hanzel's motion to dismiss

without prejudice to plaintiff's refiling in North Carolina. An appropriate order follows.

**Date: Sept. 10, 2015**       <u>**s/ James M. Munley**</u>
                               **JUDGE JAMES M. MUNLEY**
                               **United States District Court**